**HALLMARK CARDS, INCORPORATED,**
**Plaintiff,**

v.

**HALLMARK OF HOLLYWOOD, INC., d/b/a The Hallmark Press, Hallmark Press, Inc., and H. Kroger Babb, an Individual, Defendants.**

**Civ. A. No. 72-1542.**

United States District Court, C. D. California.

July 21, 1972.

---

Irving F. Fields, Beverly Hills, Cal., for plaintiff.

Harris, Kern, Wallen & Tinsley, Robert R. Meads, David S. Romney, Los Angeles, Cal., for defendants.

DAVID W. WILLIAMS, District Judge.

Plaintiff, having filed this action for trademark infringement, unfair competition, false designation of origin, and dilution, on July 6, 1972, and the same day having personally served the defendants with copies of the verified Complaint including Exhibits A–O, Motion for Preliminary Injunction, Memorandum of Points and Authorities in Support Thereof, Affidavits of William Koons, Jennings H. Brabham, and David S. Romney including Exhibits P–S, and Motion for Temporary Restraining Order, and Plaintiff's said Motion for Temporary Restraining Order having come on for hearing on July 7, 1972, H. KROGER BABB, individual defendant and president of the corporate defendants, and counsel for defendants having been present at the hearing and having presented arguments in opposition to said motion, and the Court having fully considered all of the foregoing papers including said Exhibits and said arguments of H. KROGER BABB and counsel for defendants, and the Court having found a danger of immediate and irreparable injury, loss, and damage to plaintiff from defendants' activities in violation of plaintiff's HALLMARK trademark, and on July 7, 1972 having granted a Temporary Restraining Order restraining defendants' said activities until five p.m., this day, and plaintiff having this day brought on for hearing said Motion for Preliminary Injunction and the Court having reviewed all of the foregoing documents and Exhibits and good cause appearing therefore, the Court, pursuant to Rules 52(a) and 65 of the Federal Rules of Civil Procedure, now finds, concludes, orders, and decrees as follows:

1. Plaintiff, HALLMARK CARDS, INCORPORATED, is a Missouri corporation having its principal place of business at 25th and McGee Trafficway, Kansas City, Missouri.

2. Defendant, HALLMARK OF HOLLYWOOD, INC., is a California corporation with its principal place of business at 9000 Sunset Boulevard, Hollywood, California, said defendant sometimes doing business as THE HALLMARK PRESS.

3. Defendant, HALLMARK PRESS, INC., is a California corporation with its principal place of business at 9000 Sunset Boulevard, Hollywood, California.

4. Defendant, H. KROGER BABB, is a resident of Beverly Hills, California, having his office at 9000 Sunset Boulevard, Hollywood, California, and is President of HALLMARK OF HOLLYWOOD, INC. and of HALLMARK PRESS, INC., and is the publisher and copyright owner of the book "Poems About God".

5. This action is for infringement of federally registered trademarks, unfair competition, false designation of origin, and for dilution arising under the Trademark Act of 1946 (15 U.S.C. §§ 1051–1127), California Civil Code § 3369, and California Business and Professions Code § 14330, and this Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1332, 1338(a), and 1338(b), and further this Court has jurisdiction over the parties named herein.

6. For over forty-seven years, plaintiff and/or its predecessors (hereinafter referred to collectively as plaintiff),

have been engaged in the business of manufacturing, publishing, and selling throughout the United States, including California, products of the graphic arts, including printed materials of all types bearing the trademark HALLMARK. Over the past forty years, plaintiff's HALLMARK product line has continuously expanded and since at least 1967, has prominently included books published by plaintiff and bearing the trademark HALLMARK.

7. Plaintiff's products including books sold under the mark HALLMARK are offered for sale in over fifteen thousand (15,000) separate retail outlets throughout the United States, a substantial number of such outlets being located in California. To and through such outlets, plaintiff, since 1967 has sold throughout the United States including California, in excess of twenty million (20,000,000) books under four hundred fifty (450) different titles all displaying the trademark HALLMARK. Among the HALLMARK books published and sold by plaintiff are numerous books of poetry. Actual dust covers of three representative books of poetry published by plaintiff are attached as Exhibits I, J, and K to the Complaint, and photographs of over fifty (50) different HALLMARK books are attached as Exhibit S to the Affidavit of David S. Romney in support of plaintiff's Motion for Preliminary injunction. Plaintiff has also expended large sums in local and nationwide advertising of its graphic art products including books offered for sale and sold under the mark and name HALLMARK.

8. As a result of plaintiff's extensive sales and advertising over the years of graphic art products including books identified by plaintiff's trademark HALLMARK, and due to the excellent quality of such products, plaintiff now enjoys and has long enjoyed an exceedingly valuable reputation and goodwill among the trade and purchasing public with respect to its graphic art and book products bearing the trademark HALLMARK. Since long prior to defendants' acts complained of, the consuming public has recognized and that public now recognizes the trademark HALLMARK whereby said trademark has acquired a secondary meaning in the United States and throughout the world as identifying and distinguishing graphic arts including books and related products coming exclusively from plaintiff.

9. Plaintiff is the owner of several United States trademark registrations covering the mark HALLMARK alone or in combination with other words or design. Each of said registrations is valid, subsisting, and in full force and effect. Such registrations include HALLMARK for writing paper, issued on December 14, 1915, under Registration No. 107,653; HALLMARK for greeting cards, issued August 27, 1940, under Registration No. 380,596; HALLMARK and Design, for greeting cards, issued May 30, 1950, under Registration No. 525,798; HALLMARK and Design, for decorative gift wrapping paper, decorative note paper, albums, and date books, issued on January 21, 1958, under Registration No. 657,441; HALLMARK HALL OF FAME, for title of television and radio programs, namely, entertainment in the form of plays or dramas, issued on February 24, 1959, under Registration No. 674,750; HALLMARK EDITIONS, for books, issued on August 8, 1968, under Registration No. 854,197; HALLMARK and Design, for among other items, books, including poetry, biography, quotations, children books, and the like, issued on January 28, 1969, under Registration No. 864,077; and HALLMARK, for furnishing advertising material in the form of newspaper mats, posters, radio and television commercials, display pieces and signs, issued on July 20, 1971, under Registration No. 916,900.

10. In early 1972 and long after plaintiff's adoption and extensive use of the name and trademark HALLMARK for graphic art products including books, defendants commenced using in California and throughout the United States, in connection with the publica-

tion of a book or books, the marks and terms HALLMARK, and THE HALLMARK PRESS, and the corporate names HALLMARK of Hollywood, Inc., and HALLMARK PRESS, INC., said terms and corporate names all being dominated by the word HALLMARK. Defendants' usages of HALLMARK are exemplified by the letter and the prepublication booklet of Exhibits L and O to the Complaint, and by the photograph and sample of stationery and envelope attached as Exhibits P and Q to the Affidavit of William Koons in support of plaintiff's Motion for Preliminary Injunction. The prepublication booklet of Exhibit O refers specifically to and advertises and promotes a book of poems entitled "Poems About God" which is scheduled for release to the general public by defendants, under the name and mark HALLMARK, on or about August 1972; and prominently refers to the compilers and publishers of the book as HALLMARK, the art director of the book as the HALLMARK Art Director, and the source of said book as being HALLMARK and THE HALLMARK PRESS. Further, Exhibit O, at page 11, shows the proposed front cover of the book prominently displaying the mark HALLMARK as part of THE HALLMARK PRESS; at page 15, indicates extensive prepublication, review and endorsement of the book by the governors of the fifty states and various named people in New York, Oklahoma, Minnesota, Georgia, West Virginia, Ohio, Maryland, and Vermont; and at page 14, lists outlets for the book including book stores, department stores, gift shops, greeting card shops, drugstores, hospital gift shops, and the like—which outlets are the same type of outlets now selling plaintiff's graphic art products including its HALLMARK books.

11. The designations HALLMARK alone and in terms and names dominated by the word HALLMARK including THE HALLMARK PRESS, HALLMARK PRESS, INC., and HALLMARK OF HOLLYWOOD, INC., as used by defendants, are so similar or nearly identical to plaintiff's trademark HALLMARK as to constitute colorable imitations thereof and are likely to result in confusion, mistake, and deception as to source or origin of the products to which said designations are applied or refer, and defendants' said uses of said HALLMARK constitute infringement and dilution of plaintiff's trademark and false designation of origin and unfair competition against plaintiff.

12. The aforesaid acts of defendants, if continued, will jeopardize and irreparably damage plaintiff's goodwill and business associated with its trademark HALLMARK.

13. The defendants, HALLMARK OF HOLLYWOOD, INC., HALLMARK PRESS, INC., and H. KROGER BABB, and each of them, and their officers, agents, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise shall be and hereby are enjoined and restrained, pending trial of this action, from directly or indirectly infringing plaintiff's trademark HALLMARK and from diluting the distinctive quality of plaintiff's HALLMARK trademark and specifically from using the word HALLMARK alone or in combination with another word or words including THE HALLMARK PRESS, HALLMARK PRESS, and HALLMARK OF HOLLYWOOD, or any colorable imitation of the trademark HALLMARK, in any manner in connection with the printing, publication, advertising, promotion, distribution, display, offer for sale or sale of books and any other related products.

14. The Bond filed on July 10, 1972 for the Temporary Restraining Order in the amount of Five Thousand Dollars ($5,000.00) shall be continued during the pendency of the Preliminary Injunction granted herein.